The undersigned have reviewed the prior Opinion and Award based upon the record before Deputy Commissioner William C. Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
STIPULATIONS
1. The parties submitted a Pre-Trial Agreement at the initial hearing that contained stipulations which is hereby incorporated by reference as if it was fully set out herein.
2. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act on October 6, 1992.
3. The employer-employee relationship existed between the parties at this time.
4. ARA Services is a duly-qualified self-insurer under the law.
5. Plaintiff's average weekly wage was established at Two Hundred Forty Dollars ($240.00).
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began his employment with defendant ARA Services on September 28, 1992 and on October 6, 1992, he was working as a cook at UNC-C.
2. The plaintiff testified that on or about October 6, 1992, he slipped and fell while taking a roast out of the oven. Plaintiff stated he experienced pain in his back and hip. Plaintiff testified he immediately reported his injury to his supervisor, Don Smith, as well as a number of his co-workers. Plaintiff further testified he never returned to work with defendant after the date of the alleged incident.
3. Plaintiff worked 31.5 hours for ARA Services between October 8, 1992 and October 15, 1992.
4. October 15, 1992 is the last day plaintiff worked for ARA Services. Approximately five days after plaintiff's last day of work, plaintiff telephoned Don Smith at work and informed him he was unable to come to work because the lienholder had repossessed his car. Plaintiff also informed Mr. Smith he had injured his back at work. This was the first notice the employer received that plaintiff was claiming a work injury. Mr. Smith interviewed plaintiff's co-workers John Wooten, Arlene, and Phyllis and did not obtain any information to substantiate plaintiff's allegations. Sometime later, Don Smith located plaintiff's car at a local car lot and retrieved the UNC-C parking permit ARA Services had assigned the plaintiff.
5. Plaintiff received medical treatment for his alleged injury from Chiropractor Thomas on October 16, 1992 and also at the Emergency Room at Carolinas Medical Center on October 21, 1992. Plaintiff also treated with Dr. Simms at the Miller Orthopedic Clinic on two Occasions. Plaintiff testified he was forced to terminate his employment and he was unable to afford the treatment. The undersigned also does not accept this testimony as credible because Dr. Simms' records reflect plaintiff was released on a PRN basis on January 29, 1993.
6. The Full Commission does not accept plaintiff's testimony as credible, based on plaintiff's testimony and demeanor, based on the medical records and evidence, and based on the testimony of other credible witnesses of record.
7. Since plaintiff's testimony is not credible, plaintiff did not prove that any injury which he may have sustained on October 6, 1992 resulted from a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions which were likely to result in unexpected consequences.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On October 6, 1992, the plaintiff did not sustain an injury either as the direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by the introduction of unusual conditions likely to result in unexpected consequences; therefore, on October 6, 1992 plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. The plaintiff's claim, therefore, is not compensable with the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ _________________ THOMAS J. BOLCH COMMISSIONER